UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-00044-JRS-MJD ) |
| ROBERT BRENTON, JR., JAMES BRENTON, Clerk's Entry of Default entered on 9/4/18, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

(ECF No. 47)

This matter is set for trial on September 30, 2019. Plaintiff American Family Mutual Insurance Company, by counsel, filed its Motion for Summary Judgment in its action seeking declaratory judgment that it has no duty to defend or indemnify against Defendants, Robert Brenton, Jr. and James Brenton. James Brenton has not appeared in this matter. Accordingly, the Court, having considered the Motion, now finds that the Motion should be GRANTED with respect to Robert Brenton, Jr. and DENIED with respect to James Brenton.

**I. Background**

A. *The Underlying Action*

On September 12, 2015, Robert Brenton, Jr. ("Robert") engaged in a physical altercation (the "Incident") with his brother, James Brenton ("James"), at James'

home.[1] (*See* ECF No. 50-1, James Dep. 7:4-25, 8:1-12; ECF No. 50-4, Robert Dep. 8:6-11, 9:8-9.) Robert arrived at James' home to settle a dispute regarding a watch broken by Robert's son. (*See* ECF No. 50, Br. Supp. Pl.'s Mot. Summ. J. (hereinafter Pl.'s Br.) 4; ECF No. 50-1, Ex. A, James Dep. (hereinafter James Dep.) 6:18–8:4.) Robert and James moved into the kitchen, where they started to wrestle. (*See* ECF No. 50-1, James Dep. 8:5-10; 9:3-10.) During the altercation, James grabbed a crossbow arrow and stabbed Robert. (*See id.* at 10:10-19.) The Vigo County prosecutor brought five charges against James resulting from the Incident. (ECF No. 50, Pl.'s Br. 7.) To those charges, James pleaded guilty to "recklessly, knowingly, or intentionally, with a deadly weapon, perform[ing] an act that created a substantial risk of bodily injury to Robert Brenton, Jr. in violation of Indiana law." (*Id.*) The Vigo Superior Court subsequently found James guilty of criminal recklessness with a deadly weapon. (*See* ECF No. 50-1, James Dep. 22:1–25:12, 26:20–27:9.) In an underlying action filed in the Clay (Indiana) Circuit Court (Cause No. 11C01-1709-CT-00058) ("Underlying Action"), Robert claims damages from injuries allegedly caused by James during the Incident. (*See* ECF No. 28-1, Underlying Compl. 3.)

B. *The Insurance Policies*

James reported the Incident to an insurance agent of Plaintiff, American Family Mutual Insurance Company ("American Family"). (*See* ECF No. 28, Compl. ¶ 17.) American Family issued two insurance policies to James, effective September 12, 2015: the Homeowners Policy and the Umbrella Policy. (*See* ECF 50, Pl.'s Br. 7, 9;

---

[1] Given the Defendants' shared last name, the Court refers to each individual by first name in this Order.

ECF No. 1-2, Ex. B; ECF No. 28-2, Homeowners Policy; ECF No. 28-3, Umbrella Policy.) Both the Homeowners Policy and the Umbrella Policy contain identical provisions describing their coverage for personal liability and American Family's obligation to provide a legal defense to the insured. Those provisions state, in relevant part:

**LIABILITY COVERAGES – SECTION II**

COVERAGE D – PERSONAL LIABILITY COVERAGE

We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence covered by this policy.

**Defense Provision**

If a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages payable under this policy as we think proper.

(ECF No. 28-2, Homeowners Policy 12; ECF No. 28-3, Umbrella Policy 5.)

Each policy sets forth definitions to control interpretation of the policy language. The Umbrella Policy states, in relevant part:

**DEFINITIONS**

* * *

    13.    **Occurrence** means:

        a.  Under Personal Liability Coverage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in personal injury and/or property damage[.]

(ECF No. 28-3, Umbrella Policy 5.) The Homeowners Policy provides a substantially similar definition. (*See* ECF No. 28-2, Homeowners Policy 4.)

The Homeowners Policy and the Umbrella Policy also contain exclusions. The Homeowners Policy excludes coverage for the following:

**EXCLUSIONS – SECTION II**

Coverage D – Personal Liability and Coverage E – Medical Expense do not apply to:

1. **Abuse**. We will not cover bodily injury or property damage arising out of or resulting from any actual or alleged:
   . . .
   c. physical or mental abuse of a person.

\* \* \*

10. **Intentional Injury**. We will not cover bodily injury or property damage caused intentionally by or at the direction of any insured even if the actual bodily injury or property damage is different than that which was expected or intended from the standpoint of any insured.

\* \* \*

17. **Violation of Law**. We will not cover bodily injury or property damage arising out of:

   a. violation of any criminal law for which any insured is convicted[.]

(ECF No. 28-2, Homeowners Policy 13–14.)

The Umbrella Policy contains similar exclusions. The exclusions relevant to this dispute are described in an addendum adopted into the policy as agreed by the parties:

**EXCLUSIONS**

[This policy does not cover:]

**Aggression**. We will not cover injury arising out of any aggressive activity, harassment, or bullying, committed by the insured by any means.

\* \* \*

**Expected or Intended**. We will not cover injury arising out of an expected or intended act or omission.

    a. This includes any type of injury that an insured:

        (1) Intends; or
        (2) May expect to result from any intentional act or omission.

    b. This exclusion applies even if the injury is:

        (1) Of a different kind, quality or degree than intended;
        (2) To a different person or property than intended;
        (3) The result of a willful and malicious act, no matter at whom the act was directed;
        (4) Unexpected or unforeseen by the person injured or the owner of the property damaged, or
        (5) Sustained regardless of whether an insured:

            (a) is under the influence of alcohol or any controlled substance;
            . . .

    c. This exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

However, this exclusion does not apply when the loss arises out of the use of reasonable force by an insured to protect person or property.

\* \* \*

**Violation of Law**. We will not cover injury arising out of violation of any criminal law for which any insured:

    a. Is convicted or adjudicated[.]

(ECF No. 28-3, Umbrella Policy 12–14.)

James asserts, pursuant to these policies, American Family "has a duty to defend and indemnify" him for damages claimed by Robert in the Underlying Action. (ECF No. 56, Mem. Supp. Def.'s Resp. Opp'n Pl.'s Mot. Summ. J. (hereinafter Def.'s Mem.) 2.) In the instant case, American Family seeks a declaration from this Court that it

has no duty to defend, indemnify, and/or pay any judgment entered against James for injuries claimed by Robert in the Underlying Action. (*See* ECF No. 28, Am. Compl. 10–12.) James has not responded to American Family's amended complaint, and the Clerk made an entry of default against him. (*See* ECF No. 40, Clerk's Entry Default.) American Family's Motion for Default Judgment against James was denied in anticipation of a renewed motion once judgment with respect to Robert was determined. (ECF No. 51, Order Mot. Entry Default J.) American Family now moves for summary judgment in this matter. (*See* ECF No. 47, Pl.'s Mot. Summ. J.; ECF No. 50 Pl.'s Br.)

## II. Legal Standard

American Family moves for summary judgment as a matter of law based on interpretation and application of its insurance contracts with James. Summary judgment as a matter of law is proper when there is no genuine dispute of material fact in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986) (citing Fed. R. Civ. P. 56(c)). A dispute as to a material fact is genuine when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When reviewing a motion for summary judgment, a court must draw every justifiable inference from the underlying facts in favor of the non-moving party. *See id.* at 254. Determining the credibility and relative weight of facts, unless those facts are clearly feigned, are jury functions and must not be considered in evaluating a motion for summary judgment. *See id.* at 255.

Substantive law dictates which facts are material for purposes of summary judgment. *See Anderson*, 477 U.S. at 248. This Court has original jurisdiction over this

matter pursuant to 28 U.S.C. §1332(a) given there exists diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. Federal courts sitting in diversity apply choice-of-law rules of the state in which they sit. *See Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Accordingly, Indiana substantive law, as the forum with the "most intimate contacts" with the case, governs this case. *See State Farm Mut. Auto. Ins. Co v. Michael*, 491 F. Supp. 814, 819 (S.D. Ind. 2007) (applying "most intimate contacts" choice-of-law test to insurance contracts).

### III. Discussion

A. *Summary Judgment is Proper in Cases of Contractual Interpretation*

American Family argues it has no duty to defend, indemnify, or pay judgments on behalf of James due to "the clear unambiguous language of the Homeowners Policy and Umbrella Policy" it issued to James. (ECF No. 50, Pl.'s Br. 1.) The Seventh Circuit recognizes that summary judgment is particularly appropriate in cases involving the interpretation of contractual documents. *See Metalex Corp. v. Uniden Corp. of Am.*, 863 F.2d 1331, 1333 (7th Cir. 1988). "If a contract is unambiguous, by definition no material issues of fact exist regarding the contract's interpretation; that interpretation is a question of law for the court." *Id.* In the case of insurance contracts, an insurer may deny a duty to defend its insured based on an exclusionary clause within a policy if the exclusion's application is "clear and free from doubt." *See Hurst-Rosche Eng'rs, Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir.

1995) (quoting *Tews Funeral Home, Inc. v. Ohio Cas. Ins. Co.*, 832 F.2d 1037, 1042 (7th Cir. 1987)). Under Indiana law, "an insurer's duty to defend an insured is broader than its duty to indemnify, so if an insurer has no duty to defend its insured in a suit, it necessarily does not have a duty to indemnify the insured for any liability incurred thereby." *Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 695 F.3d 725, 729 (2012) (citing *Trisler v. Indiana Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. App. 1991)).

Here, both the Homeowners Policy and Umbrella Policy contain a "Defense Provision", which states that, "[i]f a suit is brought against an insured for damages because of an injury caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice." (ECF No. 28-2, Homeowners Policy 12; 28-3, Umbrella Policy 5.) However, American Family argues the Homeowners Policy extends no coverage, and thus no duty to defend, to Defendants because the Incident in the Underlying action (1) is not an "occurrence" within the definitions of the policy; (2) is "abuse" excluded by the policy; (3) involves an "intentional" injury excluded by the policy; and/or (4) involves a "violation of law" excluded by the policy. (*See* ECF No. 50, Pl.'s Br. 2, 7–9.) Similarly, American Family argues the Umbrella Policy extends no coverage to James because the Incident in the Underlying action (1) is not an "occurrence" within the definitions of the policy; (2) is "aggression" excluded by the policy; (3) involves an "expected or intended" injury excluded by the policy; and/or (4) involves a "violation of law" excluded by the policy. (*See id.* at 2, 11–13.) In summary, American Family asserts four independently sufficient arguments

for each policy that would exclude coverage in the Underlying Action and require summary judgment as a matter of law in this case.

B. *Defendant Fails to Raise a Genuine Issue of Material Fact*

Robert's arguments in opposition to American Family's motion for summary judgment regard questions of law determinable by this court. Robert claims the following "genuine issue[]s of material fact":

1. Whether the [H]omeowners [P]olicy extends coverage to James in the Underlying Action.

2. Whether the [H]omeowners [P]olicy extends coverage for bodily injury caused by an occurrence in the Underlying Action.

3. Whether the criminal conviction bars coverage for James in the Underlying Action.

4. Whether the Umbrella [P]olicy extends coverage to James in the Underlying Action.

5. Whether the Umbrella [P]olicy extends coverage for bodily injury caused by an occurrence in the Underlying Action.

6. Whether the criminal conviction bars coverage under the Umbrella [P]olicy for James in the Underlying Action.

(ECF No. 59, Def.'s Genuine Issue of Material Fact.) Each of these issues is readily resolved using the plain language of the insurance policies. As stated, "[i]f a contract is unambiguous, by definition no material issues of fact exist regarding the contract's interpretation; that interpretation is a question of law for the court." *Metalex* 863 F.2d at 1333.

To argue the contract language is ambiguous, Robert meanders at length through fact patterns of cases addressing the "intentional" injury exclusion in

- 9 -

the Homeowners Policy and the "expected or intended" injury exclusion in the Umbrella Policy. (*See* ECF No. 56, Def.'s Mem. 10–27.[2]) However this Court need not address the arguments regarding the "intentional" or "expected or intended" injury exclusions because (1) Defendant fails to raise a material issue of fact regarding the "violation of law" exclusion in both policies (*see* ECF No. 28-2, Homeowners Policy 14; ECF No 28-3, Umbrella Policy 14); (2) Defendant addresses neither the Homeowners Policy's "abuse" exclusion, nor the Umbrella Policy's "aggression" exclusion (*see* ECF No. 28-2, Homeowners Policy 13; ECF No. 28-3, Umbrella Policy 12; ECF No. 50, Pl.'s Br. 9, 11); and (3) Defendant does not address American Family's argument that the claims do not arise from an "occurrence" under the language of the policy (*see* ECF No. 28-2, Homeowners Policy 4; ECF No. 28-3, Umbrella Policy 5.)[3]

C. *The "Violation of Law" Exclusions Require Summary Judgment*

The "violation of law" exclusions in both the Homeowners Policy and Umbrella Policy require summary judgment in this matter. The Homeowners Policy states, in relevant part, that American Family "will not cover bodily injury or property damage

---

[2] *See, e.g.*, ECF No. 56, Def.'s Mem. 13 (stating liability coverage cannot be excluded "because intent to harm Robert cannot be determined as a matter of law"); *id.* at 13–16 (citing *Home Ins. Co. v. Nielsen*, 332 N.E.2d 240 (Ind. Ct. App. 1975)) (stating the Incident does not include conduct sufficient to establish intent); *id.* at 16–18 (citing *Caspersen v. Webber*, 213 N.W.2d 327 (Min. 1973)) (stating that intent cannot be established); *id.* at 18–27 (citing *Indiana Lumbermens Ins. Co. v. Brandum*, 419 N.E.2d 246 (Ind. Ct. App. 1981)) (arguing James' conviction for criminal recklessness does not prove his intent).

[3] In its Reply Brief, Plaintiff moves to strike evidence proposed by Defendant to rebut these exclusions. (*See* ECF No. 62, Pl.'s Reply Br. Supp. Mot. Summ. J. 4–5.) However, this motion is improper. *See* S.D. Ind. R. 7-1(a) ("A motion must not be contained within a brief, response, or reply . . . ."). Regardless, because the Court finds that coverage is excluded on other grounds, the contested evidence is not considered in this Order. Thus, the motion is denied.

arising out of [a] violation of any criminal law for which any insured is convicted[.]" (ECF No. 50, Pl.'s Br. 9). Likewise, the Umbrella Policy states, in relevant part, that American Family "will not cover injury arising out of violation of any criminal law for which any insured[] is convicted or adjudicated[.]" (*Id*. at 13.)

In response to these exclusions, Defendant summarily states that "[James'] criminal recklessness conviction does not bar American Family's duty to defend James and indemnify Robert." (ECF No. 56, Def.'s Mem. 28.) In support, Defendant engages in a protracted discussion of res judicata with nearly five pages of string citations. (*Id*. 28–34.) The entirety of this argument is misguided. American Family does not contend, in any form, that James' conviction of criminal recklessness excludes coverage by way of res judicata. American Family does not purport to use James' conviction to prove any facts regarding James' intent. Rather, American Family argues the existence of James' conviction excludes coverage due to the clear and unambiguous language of the "violation of law" exclusions in both the Homeowners Policy and Umbrella Policy. It is undisputed that James was adjudged guilty in a criminal proceeding for his actions in the Incident. (*See* ECF No. 50-1, James Brenton Dep. 22:1–25:12, 26:20–27:9.) The damages claimed in the Underlying Complaint arise out of the Incident. (*See* ECF No. 28-1, Underlying Compl. 3.) Therefore, it is "clear and free from doubt" that, under the language of the "violation of law" exclusions, James is not covered by the Homeowners Policy or the Umbrella Policy. Thus, American Family has no duty to defend James in the underlying action. Accordingly, because the duty to defend is broader than the duty to indemnify, American Family

ne9cessarily has no duty to defend or indemnify James for damages claimed by Robert in the Underlying Action. *See Ticor*, 695 F.3d at 729. This is enough to grant summary judgement, without the need even to address the equally valid and independent grounds outlined above to which Defendant failed to respond, or the "intentional" or "expected or intended" injury exclusions to which Defendant's arguments are unpersuasive at best.

For the foregoing reasons, Plaintiff American Family's Motion for Summary Judgment (ECF No. 47) is **GRANTED** with respect to Defendant Robert Brenton, Jr. With respect to James Brenton, the Court does not anticipate any set of facts or meritorious defenses that would require a different ruling. However, because James Brenton has not appeared in this matter, and the Clerk previously has made entry of default against him, default judgment is called for in this case and will be addressed by separate order. Therefore, Plaintiff American Family's Motion for Summary Judgment is **DENIED** with respect to James Brenton.

**SO ORDERED**.

Dated: 7/2/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John P. Nichols
ANDERSON & NICHOLS
agbullock@frontier.com


Todd D. Small
KIGHTLINGER & GRAY, LLP
tsmall@k-glaw.com

Ginny L. Peterson
KIGHTLINGER & GRAY, LLP
gpeterson@k-glaw.com